UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAYNE C.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C20-6188 TLF

ORDER DENYING MOTION TO AMEND JUDGMENT

This matter comes before the Court on plaintiff's motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons set forth below, the Court denies plaintiff's motion.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgement within 28 days after entry of the judgment. The Court has considerable discretion in deciding whether to grant or deny a Rule 59(e) motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (*quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Such a motion may only be granted when: "1) the motion is necessary to correct manifest error of law or fact upon which the judgement is based, 2) the moving party

---

[1] Defendant filed an unopposed motion for extension of time. Dkt. 32. The Court grant's the motion and has considered defendant's response brief (Dkt. 33) and plaintiff's reply brief (Dkt. 34).

ORDER DENYING MOTION TO AMEND JUDGMENT - 1

presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. DOD*, 836 F.3d 1037, 1042 (9th Cir. 2016) (*quoting Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)) (internal quotations and emphasis omitted).

Plaintiff brought this action seeking judicial review of defendant's denial of her application for disability insurance benefits. Plaintiff seeks judicial review of Administrative Law Judge ("ALJ") David Johnson's March 6, 2020 determination that plaintiff was not disabled. Dkt. 4. At step four of the sequential evaluation process, the ALJ determined that, based on vocational expert ("VE") testimony at plaintiff's hearing, plaintiff is able to perform past relevant work as the work is generally performed in the national economy. Administrative Record ("AR") 59. Accordingly, the ALJ determined that plaintiff was not disabled at step four of the sequential evaluation for the period prior to the date last insured – December 31, 2018. AR 46, 59. The ALJ also determined, in the alternative, at step five that other jobs existed in significant numbers in the national economy that the plaintiff could have also performed. AR 59. The ALJ concluded that plaintiff was not disabled through the last date insured – December 31, 2018. AR 61.

Plaintiff argued that the ALJ erred at step four because the VE testified that plaintiff satisfied the requirements for civil drafter formally, but could not perform her past work of civil drafter as generally performed due to outdated software skills. Dkt. 20, Opening Brief, at 9-10. Relying on *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007), plaintiff argued that the ALJ erred at step four by "not articulating an explanation

ORDER DENYING MOTION TO AMEND JUDGMENT - 2

for interpreting the VE's testimony in the insufficient way he did, or discussing how this testimony deviated from the DOT, as the VE explained." Dkt. 20 at 9-10. Plaintiff also argued that the ALJ erred by failing to make a finding regarding the past relevant work as actually performed. Dkt. 20 at 10.

The Court explained that the VE testimony indicated that plaintiff would likely be unable to obtain employment in the civil drafter position at the time of the hearing – in 2020. Dkt. 29, Order Affirming Defendant's Decision to Deny Benefits, at 6. Yet, the VE had insufficient information indicating whether the same would be true in 2015 when plaintiff ceased working. Dkt. 29 at 6. The Court also factually distinguished *Massachi* because unlike the situation in *Massachi*, ALJ Johnson inquired into the potential inconsistency between the Dictionary of Occupational Titles ("DOT") and the VE testimony. Dkt. 29 at 7. Here, the VE explained that the inconsistencies were based on professional experience. *Id*. Further, the Court found that the ALJ did not err at step four because the ALJ can rely on the claimant's ability to perform past relevant work as generally performed. *Id*. quoting *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed.").

Plaintiff motion to amend judgment argues that the Court committed clear error by failing to address plaintiff's argument that plaintiff could not perform her past work as generally performed. Dk. 31.

The Court's Order explained that the VE testimony stated that plaintiff would be unable to obtain employment as a civil drafter in 2020 but did not offer an opinion on whether the same would be true before plaintiff's date last insured. Dkt. 29 at 6 (citing

ORDER DENYING MOTION TO AMEND JUDGMENT - 3

AR 314). The Court also noted that the VE testified that a person with the provided hypothetical residual functional capacity could perform past relevant work of civil drafter as it is generally performed. Dkt. 29 at 7 (citing AR 59, 315). The Court concluded that the ALJ did not err in relying on the VE testimony in determining that plaintiff could perform the past relevant work of civil drafter as generally performed through the date last insured. Dkt. 29 at 7.

Based on the foregoing the Court did not fail to address plaintiff's argument that she could not perform past work as generally performed.

Further, even if the ALJ had erred at step four of the sequential evaluation, this error would be harmless because the ALJ properly found that plaintiff could perform other jobs existing in significant numbers in the national economy. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## CONCLUSION

Based on the foregoing, the Court denies plaintiff's motion to amend the judgment (Dkt. 31).

Dated this 1st day of July, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND JUDGMENT - 4